Good morning, Your Honors. May it please the Court, Laura Etlinger for the State Defendants. Regrettably, in this case, the State Sentencing Court did not proceed in a manner that would have allowed DOCS to implement what the sentencing judge intended, that the state sentence run concurrently with the federal sentence. But because it had not been imposed at the time she sentenced the plaintiff, her directive regarding concurrency was not only unauthorized under state law, more importantly, it could not be implemented consistent with the very detailed sentence calculation statute. Could not be implemented as it was announced, but there was a way that she could have achieved the result that she evidently aimed at, right? Yes. The sentencing court should have waited to sentence the plaintiff until after he had been sentenced in federal court and then exactly what she intended could have been put in place, but she made an error and only the sentencing court could correct that error. Well then why shouldn't the Bureau of Prisons then, instead of putting a detainer on the individual, indicating that he has a consecutive sentence to serve, intervene to fix that situation? Well, and normally the sentencing calculation official, DOCS, does send a letter to the defendant when a sentence is not able to be put into place under state law. And there's a sample copy of such a letter in the record. It's not that we concede that we didn't send a letter in this case. We simply don't have proof that we did so. We don't have a copy of that letter that was sent. Could you have also sent a letter to defense counsel and to the inmate? Well, we did advise the inmate. But it looked to me like what was being advised was that he was going to need to serve consecutive sentences because the initial sentence was unlawful. And there is nothing in the record to suggest that a letter was sent to the court itself. Right. What I have trouble with in particular was the position that the state apparently is powerless to do anything until the state's sentence began to be served. I don't understand that at all. Is that the state's position? Well, no. The state recognizes that it could have sent a letter to the sentencing court. And there's simply no evidence in this record that a letter was sent. In fact, the documents show that the state's intention was to apply this sentence consecutively. Yes. Directly contrary. Well, because that was the only manner that they could be applied under state law. Why wasn't it reasonable to look at that as a totally invalid sentence? It was not what the sentencing court explicitly directed. And that was clear from all the documents. And yet the state noted in its own records it placed the detainer and directed that it be served consecutively, which was directly contrary to what the sentencing court had ordered. Well, the sentencing calculation official couldn't do anything other than notify the sentencing court to correct the sentencing error. It had the directive that she had... There's no evidence that that happened. There's no evidence that that happened. That's not correct. And was there counsel? Did the defendant have counsel in the earlier proceedings? Yes. The defendant did have counsel. Is there any evidence that the defense counsel was notified? No. No. There's no evidence of any letters in this record. And how does the state justify the documents placing the detainer and ordering that the sentence be served consecutively? Because it was the only way the sentence could be put in... the directive could be put into effect under state law. They had no... It was not a valid sentence. Well, it was a valid sentence. The terms of the sentence were valid. The directive regarding concurrency couldn't be put into effect. And this court, in the Suttler decision, made a very distinct... found that there was a critical distinction between the terms of a sentence and a court's directive regarding the relationship between sentences, in particular between sentences imposed at different times in separate proceedings. And that was the problem here. And under the sentence calculation statute, there simply was no legal mechanism to do what the court directed. But here, you did something more than nothing. I mean, if the state had done nothing and not filed the detainer, you could say probably he would have served the sentence that the sentencing court believes he should serve, a concurrent sentence, because he would have been released. Instead, there's a detainer put on that says he's to serve a consecutive sentence. Well, the... No doubt. And I don't know that they could just have sent a letter to the sentencing court. As my colleague has suggested, you could send a letter to the defense counsel. You could just notify everyone involved, we can't implement this sentence as it was pronounced. So we, the sentencing court, needs to do something before the federal sentence is run. Well, they did do something. They did notify the defendant with much specificity in 2010 that his sentence could not be legally, the directive regarding concurrency, rather, could not be legally implemented because it was imposed before the federal sentence began. And the plaintiff did contact the sentencing court, and the court seemed to not understand what the problem was, because for three times, the court did not correct its own error when it had an opportunity to. What authority did the state have to impose a consecutive sentence, to modify the concurrent and turn it into a consecutive sentence? Why is that a valid sentence at all? Because the term of the sentence was valid, the one and a half to three years. The relationship, the court of appeals has, the New York State Court of Appeals has explained, and has agreed with this court, that there is a distinction between the terms of a sentence and the relationship between sentences. You would concede that if there was a mandatory minimum of two years, and the state court imposed a six-month sentence, the administrators wouldn't be able to hold the person for two years? Correct. But, of course, this amounts to the same thing if you happen to be in custody. You're going to be in custody for longer than the judge directed you should be. Yes, but there was . . . I don't know who, really, I don't know how to put this, but who are these people? You know, we can't touch a state court judge's sentence, and these people are administrators. Why are they not administering what the state court judge directs? Because there was no legal way for them to do so. The state sentence could not commence until plaintiffs came into the custody. But you're saying there was no legal way for the judge to impose the sentence direction that the judge imposed. But there are really two problems here, which distinguish this from the early V. Murray cases. There, there was just a sentencing error. Here, there was not only an error in the directive regarding concurrency, it actually could not be implemented under state law. His state sentence, there was no way for them to calculate when his state sentence would commence until the plaintiff came into state custody. And that did not happen, as they reasonably understood, until 2013. No, but if they implemented what the state court judge directed, there would be no detainer at all, correct? There was no way for them to direct it. But more importantly, the question is, was there legally clear, clearly established law that told them that failing to do so was a constitutional violation? And we submit that this court's decision in Suttler... The district court decided the issue of whether there was clearly established law and found that there was. Yes. But the district court also found that there were issues of fact that were fairly disputed, correct? With respect to the implementation. I don't think the court found that there were issues of fact on the issue of qualified immunity. The court relied on the early V. Murray line of cases, which this court distinguished in Suttler v. City of New York and held under very similar facts involving a directive regarding concurrency, that there was not clearly established law that put the sentencing calculation officials on notice. Suttler really is exactly on point for the due process claim here. And the Eighth Amendment case... You don't see any distinction between a return of parole violation and two sentences imposed by federal and state authorities, by judges? You know, here, the state had actual knowledge as evidenced just indisputably on the documents that this was meant to be a concurrent sentence. But in Suttler, the local criminal court had also sentenced... Had made a directive that the local criminal sentence run concurrently to what was called the parole violation sentence, the remaining time on the state sentence. And there, as here, that couldn't be put into effect. But that couldn't have been put into effect, period, right? Was there any way in Suttler that the sentencing court could have done something to achieve the same result? No. So here, the sentencing court could have, in effect, had the sentences run concurrently just by waiting until the federal sentence had been imposed. And in effect, the sentencing court ultimately here did fix it. Yes. Yes. And she was the only one that could fix it. But the reason Suttler is instructive is because it recognizes this critical distinction between the terms of a sentence and the relationship between sentences. And even if the state officials violated state law by not putting into effect the directive regarding concurrency, we don't concede that they did, but even if they did, that doesn't answer the question whether there was clearly established law for constitutional purposes. This court has been clear that even violations of state law do not establish a violation. Have you argued that there can't be a violation of due process here because Article 78 exists and provides an avenue for correcting any problem, and that if an Article 78 proceeding is started, one can seek an immediate injunction? We made that argument in the court below. But I don't see it here. No, we didn't make that argument here because the court has held... I'm not asking why. I'm just wondering if it's not here or not. No, it's not here. We didn't make that argument in our brief. But we think that the... In Suttler, did the state have actual knowledge, as it did here, of all the relevant facts? I think there was some question about that in the Suttler case. Yes, but here it's indisputable that the state had actual knowledge. Yes, but the question is, was there a clearly established law that told them that that was a violation? Well, under what authority did the state... Prison officials were entitled to impose a consecutive sentence. Because that was the effect. As the sentencing court recognized herself by operation of law as she said in her re-sentencing, by operation of law, he was effectively directed to serve consecutive sentences. Because the state did that by itself. Well, it didn't have... It didn't have a judge imposing a consecutive sentence ever until... No, because there was simply no other way for them to put into effect his state sentence. There was no way that... Except by declining to extend it and not place... No, they couldn't do that. There was no legal way for them to do that because he didn't come into state custody. His state sentence couldn't begin to run. They couldn't credit his time in federal sentence under the state laws. There was no way to credit the time he spent in federal prison serving a federal sentence under state law. And they couldn't commence his state sentence. Why didn't the state have a stronger affirmative obligation than you are acknowledging to this man served extra time needlessly in jail? Well, the question is, did they have a constitutional obligation? Would they have... The question is, would they have been reasonably aware that they had a constitutional obligation to notify the sentencing court? Even if they had notified the sentencing court, there's no guarantee that the sentencing court would have corrected it. But that's the question, not whether... The state is free to incarcerate someone on the mistaken... With actual knowledge of a mistaken understanding that there is a sentence. Without taking any action. If the question is, does that violate an inmate's constitutional rights? This court hasn't yet declared that it is. So if the court declares that it is now, then the state will be on notice for the future. But at the time, these... You're saying that the state is going to go on doing what it does tomorrow and next year? That they're going to wake up to this problem only on the day that the person is delivered from federal prison to state custody and then say, well, go to Article 78, because we are sentencing you to this term to be served consecutive. No, it's the only way they... Because that's what you're saying. No. If we rule... You know, you're inviting us. You're inviting us to do that. Because otherwise, you're saying you're going to go on doing this, which frankly sounds quite stupid to me. Well, they don't have a way to implement under state law. And they would normally notify the court. If we say that that violates the federal constitution, then you're saying they'll continue to violate it because they have no way to do that. No, if this court says... You said there's no way for them to do that. Then the directive from this court would be the way to do it, and that's exactly what happened in the southern state. We don't direct the state. No, but if the court has told... No, exactly that. If a court tells... You're saying there's no way, there's no way to do it. I'm telling you that basically you're saying you're going to continue to do this. No, no, and I apologize. You're depriving people of their freedom. I apologize. For no reason. No, I apologize if that's what the court understood. If this court declares that it's a constitutional violation, that gives the DOCS officials authority to follow a court directive to not violate a constitutional right. This court? This court or a state court. Either court they would follow, absolutely. But it hadn't been declared at the time here, and that's why... So unless we declare that this is a well-settled violation of due process, you're doing what it is they do, which is depriving people of, could be 20 months of their freedom. Because there's no way for them to... But why don't you just say yes? Yes. Unless we rule against you, this idiotic arrangement is going to continue. Yes, because they need a directive to do so. A directive that a person should not, a consecutive New York State commitment should not be lodged as a detainer when no court has sentenced a person to... Yes, because there's no other way for them to implement it under state law. It's simply a legal impossibility. Because the defendant is not in state custody and because there's no way to credit the sentence, they have no way to calculate it unless they're directed to do so. So could you just address qualified immunity for a moment? Because you're basically saying we should state that this was a due process violation. Are you also saying that qualified immunity, your client is not entitled... No, our clients are entitled to qualified immunity because there was no clearly established law that told them that following state law violated the inmate's rights. There was no... The cases that existed had to do with the terms of a sentence. And this court in Suttler distinguished the terms of a sentence from the relationship between sentences. So Suttler applied qualified immunity to those facts because there was a critical distinction. And that was the governing law. And no court, no decision from this court or the U.S. Supreme Court has said that the failure to implement a directive regarding the relationship between sentences from different jurisdictions, which can themselves conflict, and did here. He was actually effectively sentenced to consecutive sentences in federal court. No court has held that that is a constitutional violation, either an Eighth Amendment violation or a due process violation. The cases plaintiff relies on for the due process violation were distinguished by this court in Suttler v. City of New York, and the Eighth Amendment cases have to do with legal, holding an inmate beyond the terms of a lawful sentence. And we think Suttler is dispositive for the due process qualified immunity question here. Thank you. Good morning. Brian Quinn on behalf of the plaintiff. I think this case is pretty simple. There's a clear directive in the commitment order that said it was a concurrent sentence. The defendants disregarded that. They ignored that. They filed a detainer saying it was a consecutive sentence. They certified that. They didn't have to go do that. They could have went and they could have issued letters. Why don't you begin by addressing why Suttler isn't dispositive on qualified immunity? Even if we can say this is a constitutional violation, but why isn't the second part of that opinion that the defendants here are entitled to qualified immunity? I think there's lots of ways to distinguish Suttler. One is that the issue there is really who had the burden of proving what the commitment said. And in that case, I think if you asked any reasonable attorney what the answer would be, I think they would have to go out and do a lot of research, figure it out. I don't think it was a clear cut. Whereas this case, I think it's the golden rule. You have to obey the directive. You can't change a concurrent sentence to a consecutive sentence. You can't disregard the court commitment in favor of their interpretation of the penal law. And so I think there's a clear distinction there in terms of what the issue was before the court. There's also, in Suttler, you dealt with parole time credits, which makes it more complicated. And so the more complicated you get, yeah, maybe there might not be a clearly established right in certain cases, but this is a simple case. This is where it was a concurrent sentence. Did anything stop or inhibit your client from seeking Article 78 relief before the expiration of the federal sentence? I think the fact that he was pro se, Your Honor, he was not represented in doing what he was trying to do. He was writing everybody. He was trying to figure out what was going on. In this case, you know, if he had counsel, maybe it would have helped him. Maybe he could have figured it out. But the defendants were experts. They knew what to do. They could have told anybody at any time, and they ignored their statutory duty, even after the defendant came into custody, even after my client came into custody. Suttler is arguing that given their duties and their assignments and their role under the Constitution of New York and the administration of the courts, that they could not do anything but what they did. Now, I mean, I'm sort of wondering whether they couldn't have said, yeah, we have your letter. You'd have to go to the SA years ahead of time. You'd have to go to the state court and file under Article 78. A scrawled note in a case like this, a scrawled note sent to any state court would have gotten relief. Yes, Your Honor. If the defendants had sent a letter with their name on it because they're the experts and informed the court or my client and my client took that letter and showed it to a court, I think this issue would have been resolved, you know, more than 10 months before he should have gotten out. And in this case, in Article 78, getting back to your point, Your Honor, in Article 78 is not required when you have a policy in place that, you know, if we have a policy in place that needs to be changed or where high-ranking officials are carrying out that policy. In that type of case, you need some type of pre-deparation hearing, not necessarily just a post-deparation. Your Honor, Article 78 applies if they are not performing their role, and your adversary argues with some force that they were actually performing their role in the way that they had to do it. I guess in those circumstances, an Article 78 might not. In my experience, Your Honor, Article 78s are complex issues. To have a pro se defendant go in and do an Article 78 is not going to happen. What would happen here, if the sentencing judge knows what to do, if they hear from the defendants, they're the experts, what to do, the sentencing judge, in my experience, would correct it. But an Article 78 is very confusing. It's not a simple procedure to require defendants incarcerated to go through that without counsel. It's just not going to happen. Settler strongly suggests this is not settled. I disagree, Your Honor. Again, you know, getting back to it, just because there was multiple sentencing involved, that was not the Court's holding. There was lots of different factors involved in Settler. You know, like I said, there's the issue of the proof. Who has the burden to bring the commitment order or show whatever papers the court wants? The more complicated Settler is and the more issues there are swirling around in it, the harder it is to conclude that it categorically establishes that what was done here is a violation of the Federal Constitution. There would be cases like that, Your Honor. But this is not that type of case. This is a simple case where it was a concurrent term. They disregarded it. They said it was consecutive. They went out of their way to file the detainer. They take the position they have the statutory duty to go put that detainer on my client. But the question is whether it's clearly established that it's a violation of the Federal Constitution. And Settler seems to suggest that it isn't, at least yet. I think you have to do the balancing test to see if it is clearly established or not, Your Honor. In this case, the district court looked at the balancing test and found that there were procedures in place that the sentence could have done, such as telling the sentence to the court, telling the people, telling my client's attorney. They could have implemented certain procedures to correct this mistake, and it was very easy for them to do because they have forms. That may be a very powerful argument as to whether this was a due process violation, and Matthew B. Eldridge says there should be they should have done more than they did here. But what is the case that you're relying on to say that it was clearly established that they should have sent a letter to the sentencing court? Well, Your Honor, it's a collection of cases, and it's looking at the cases and applying it in a reasonable manner. Anybody looking at all the cases that we cited in our brief, especially early, it lays out the golden rule that the defendants have to comply with what the judge's directive is. They can't just say, oh, it says concurrent, but I'm going to go with consecutive because I disagree. The remedy here under the procedures of Matthew is to go back to the sentencing court and get it changed if that's what they want. If they don't go back to the sentencing court, the sentence is what it is. It stays the sentence, and the defendants cannot disregard it. It's because the sentence says, say, for example, two years, and the DOCS employees take the position that, oh, let's say he's supposed to be in there for five years. They can't take the position that they're going to keep him in there for longer than what the commitment says. And in this case, they changed the terms of the commitment by changing it from concurrent to consecutive. Could you address your Eighth Amendment claim, please? Yes, Your Honor. Eighth Amendment claim, I think the case law clearly says there's an Eighth Amendment right to be free. Our case law? Yes. The case law says that an inmate has a right to not serve more than what the sentence says. You've got case law from other jurisdictions, but it wasn't so well developed in our jurisdiction. There are cases from other jurisdictions. This Court has cited those cases. And so when I say this Court, they do, I think, recognize the right because they did apply the analysis. They didn't say in their analysis in the case, the leading case, that this proposition does not apply in this circuit. Deliberate indifference would be the standard? Deliberate indifference is the standard on the Eighth Amendment issue, Your Honor. The other side is taking the issue with can you distinguish between a legal sentence and an illegal sentence, and whether or not you have a right under the Eighth Amendment if the sentence is illegal. Our position would be the cases that interpret this Eighth Amendment issue, the Third Circuit and the other circuits, and this Court's brief mention about the cases, our position would be that those cases don't distinguish the issue as if it's a legal sentence or illegal sentence. And you go back to the proposition that you have a right to serve your sentence, and until it's modified, you can rely on a legal sentence. That's pretty clear in the case law, Your Honor. Unless there's any other questions. Thank you. Just as a matter of factual clarification, in July 2010, one of the sentencing calculation administrators did send a letter to a plaintiff explaining exactly what was wrong with his sentence, so that would have been a letter he could have copied and sent to the sentencing court. But more importantly, again, with request to the Court... When was that letter? July 2010, before his... How many months before the expiration of his federal sentence? His federal sentence, three years before his federal sentence expired. So am I right, the July 1 letter, that's from Christina Lennon? Yes. Right, and she wrote, the penal law doesn't allow a sentence to run concurrently with a term that hasn't been imposed. Your state sentence will not commence until you're received by DOCS. Please state penal law 70.31. You're saying that advised him that there was an illegal sentence? We believe that that advised him that his sentences could not run concurrently. And therefore, he should expect to be held consecutively? Well, the detainer from 2007 was expressly a consecutive detainer. You're saying that was sufficient to explain to a pro se? No, I was saying that he could have brought that... The argument that plaintiff's counsel made was that he didn't have a letter he could have shown the sentencing court to explain what was wrong. And we're saying our letter would have explained it to the sentencing court if he had shown the court that letter. But it doesn't say there's a misapprehension here and we can't do it this way and you could seek relief. It doesn't say anything like that. It just says your state sentence will not commence until you're received by DOCS. Please see Penal Law 70. Well, we think the first part of the letter explains that there doesn't. But I'd really like to turn to the Eighth Amendment violation because we hadn't really explored that. And with respect to whether an Eighth Amendment claim is clearly established, the most primarily court cases from other jurisdictions are not on point because they involve holding an inmate beyond the term of his lawful sentence. And they do not involve the facts here where you're being held pursuant to an unlawful and unauthorized directive regarding two sentences, the relationship between two sentences. Can I ask, you described in your briefing or you alluded in your briefing to the fact that now there is in place a mechanism to send a letter to the sentencing court. There's no evidence that went with it here. But setting that aside, could you just describe that mechanism? The mechanism is consistent with Correction Law 601-A, which requires letters to the sentencing court, the district attorney, and defense counsel. And a copy of that letter that is sent, which is very clear, is on page... I apologize. Oh, 697 of the joint appendix is a copy of the letter that we would be sending to the state court to explain it. And how long has that procedure been in place? Well, that is the procedure. It's simply that we don't have evidence that it happened here. We don't have a copy of the letter that was sent. No, we don't know whether a letter was sent. Isn't that fair? Yes, we don't know whether a letter was sent because we weren't able... We looked for a copy of it. We weren't able to find a copy of a letter that had been sent. But the Eighth Amendment cases are distinguishable because if an inmate is being held beyond the term of his lawful sentence, there's no proper penological objective in holding an inmate. But here, as the sentencing court itself recognized by operation of law, he had to serve consecutive sentences and that there was no way... The sentencing court recognized that by essentially resentencing. Well, and she said in the sentencing minutes, she universally said that. Yes, yes. So our point really is that there's qualified immunity because there was no clearly established law and that if the court is inclined to find that there was a due process violation here, the question would be what process was due and what the state defendants could have done is send a letter and advise the courts and others about the sentencing directive on lack of authority. Thank you. We'll take the matter under advisement.